**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>GOLDNER CAPITAL MANAGEMENT LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Lead Case No. 24-73789 (AST)<br>(Jointly Administered) |
| GOLDNER CAPITAL MANAGEMENT LLC, et al.,<br><br>Plaintiffs,<br><br>CAPITAL SOURCE, LLC, et al.,<br><br>Defendants. | Adv. Pro. No. 25-08015 (AST) |

**VHS DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT**

Defendants Vertical Health Services, LLC (hereinafter "**VHS**"), and Glen Hendren Drive Healthcare LLC, Crescent Moon Dr Healthcare LLC, Bermuda Drive Healthcare LLC, Cedars Court Healthcare LLC, Southwest 2nd Street Healthcare LLC, Talbot Rd St 1 Healthcare LLC, Bridgeport Way W Healthcare LLC, Broadway Healthcare LLC, McCutchen Road Healthcare LLC, Clay Street Healthcare LLC, Redmand Rd Healthcare LLC, Raytown Road Healthcare LLC, 3rd St. Healthcare LLC, College St Healthcare LLC, North 9th Street Healthcare LLC, West 18th Street Healthcare LLC, Weisenborn Road Healthcare LLC, Blanco Rd Healthcare LLC, and Rockingham Dr Healthcare LLC (hereinafter "**VHS Companies**"), by and through their attorneys, answer the Verified Complaint and asserts counterclaims as follows:

**JURISDICTION & VENUE**

1.      Admit.

2.      Admit.

3.      Admit.

1

## PARTIES

4.  Deny.

5.  Deny.

6.  Deny.

7.  Deny.

8.  Deny.

9.  Deny.

10. Deny.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30.     Admit.

31.     Admit.

32.     Admit.

## **INTRODUCTION TO THE THEORIES OF LIABILITY**

33.     VHS and the VHS Companies (collectively hereinafter "**Vertical**") are without information or knowledge sufficient to admit or deny the allegations of this paragraph relating to all of the states GCM has operated in and its total employees at its peak, which has the effect of a denial.  Vertical denies the remaining allegations of this paragraph.

34.     Deny.

35.     Deny.

36.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

37.     Deny.

38.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

39.     Deny.

40.     Deny.

41.     Deny.

42.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

43.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

44.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

45.      Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

46.      Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

47.      Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations in footnote 2.

48.      Deny.

49.      Deny.

50.      Deny.

51.      Deny.  Vertical also denies footnote 3.

52.      Deny.

53.      Deny.

54.      Deny.

55.      Deny.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied. Debtors define "MOU" in a manner that is vague, ambiguous and confusing.

56.      Deny.

57.      Deny.

58.      Deny.

59.      The allegations set forth in this paragraph are speculative, hypothetical, and improperly call for legal conclusions, and Vertical denies them on that basis and as an incomplete summary of the facts and applicable law.  Vertical denies the allegations in footnote 4 for the same reasons.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

60.      Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

61.     Deny.

62.     Deny.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

A.      **Background Relationship of the Parties**

63.     Deny.

64.     Admit.

65.     Admit.

66.     Deny.

67.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

B.      **The Valuable Town & Country Purchase**

68.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

69.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

70.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

71.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

72.     Deny.  Vertical also denies the allegations contained in footnote 5.

73.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

74.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

75.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

76.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

77.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

78.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

79.     Admit.

80.     Deny.

81.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

82.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

83.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

84.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

85.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

**C.      The Purchase of Renton, Talbot & University Place**

86.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

87.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

88.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

89.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

90.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which set forth the terms of the transaction and speak for themselves. Vertical denies the allegations set forth herein to the extent inconsistent with those agreements.

91.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which set forth the terms of the transaction and speak for themselves. Vertical denies the allegations set forth herein to the extent inconsistent with those agreements.

92.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which set forth the terms of the transaction and speak for themselves. Vertical denies the allegations set forth herein to the extent inconsistent with those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

93.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which set forth the terms of the transaction and speak for themselves. Vertical denies the allegations set forth herein to the extent inconsistent with those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

**D.      The Government Reimbursements and Request for Funding from Capital**

94.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.  Vertical denies the remaining allegations set forth in this paragraph regarding the purpose of the loan.

95.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

96.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

97.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

98.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

99.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

100.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The transaction referenced in this paragraph is the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

101.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The transaction referenced in this paragraph is the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.

102.     Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The transaction referenced in this paragraph is the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.

103.     The transaction referenced in this paragraph is the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this

paragraph to the extent inconsistent with those agreements.  Vertical denies the remaining allegations set forth in this paragraph regarding the purpose of the loan.

104.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

105.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

106.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

107.    The transactions referenced in this paragraph are the subject of various contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

108.    Deny.

109.    Deny.

110.    Vertical admits that, with Vertical and Miller's help, the Capital Foresight facility was restructured and became profitable.  Vertical denies the remaining allegations set forth in this paragraph.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in the footnote to this paragraph, which has the effect of a denial.

111.    Deny.

112.    Deny.

113.    Deny.

**E.**     **The Omega Purchase Option and 13 Amendments Thereto**

114.    The transaction referenced in this paragraph is the subject of various contracts and written agreements, which speak for themselves. Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.  Vertical is without information or

knowledge sufficient to admit or deny the allegations set forth in this paragraph.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

115.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

116.    The transaction referenced in this paragraph is the subject of various contracts and written agreements, which speak for themselves. Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

117.    Deny.

118.    The transaction referenced in this paragraph is the subject of various contracts and written agreements, which speak for themselves. Vertical denies the allegations set forth in this paragraph to the extent inconsistent with those agreements.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

119.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

120.    Deny.

121.    The relationship of the parties referenced in this paragraph is set forth in various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

122.    The relationship of the parties referenced in this paragraph is set forth in various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of those agreements.

Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

123.    The relationship of the parties referenced in this paragraph is set forth in various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of those agreements.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

124.    The relationship of the parties referenced in this paragraph is set forth in various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

125.    Deny.

126.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

127.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

128.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

129.    Vertical admits the allegations set forth in the first sentence of this paragraph. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

**F.**    **Capital Directs Debtors to Exercise the Purchase Option under the 10th Amendment**

130.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

131.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

132.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

133.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

134.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

135.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

136.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

137.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

138.    Deny.

**G.    Omega Defaults Debtors and Capital Negotiates a Separate Deal**

139.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

140.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

141.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

142.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

143.    Deny.

144.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

145.    Deny.

146.    Deny.

147.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

148.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

149.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

150.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

151.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

**H.    The Memorandum of Understanding[1]**

152.    The contracts referenced by this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those contracts.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

153.    The contracts referenced by this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those contracts. Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

---

[1] The Memorandum of Understanding are defined and used in a vague and ambiguous way such that it is not clear what document is being referenced.

154.    The contracts referenced by this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those contracts.  Vertical is without information or knowledge sufficient to admit or deny the remaining allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

155.    The transaction referenced by this paragraph is the subject of various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

156.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

157.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

158.    Deny.

159.    Deny.

160.    Deny.

161.    Deny.

162.    Deny.

I.    **Capital's Fabricated Notice of Default**

163.    The notices referenced in this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of the notices.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

164.    Deny.

165.    Deny.

166.    The allegations set forth in this paragraph are vague, ambiguous, and unintelligible.  Subject to and without waiving this objection, denied.

167.    Deny.

168.    Deny.

169.    Deny.  Vertical took over for nursing facilities that GCM had run into the ground. VHS has dramatically improved the facilities after taking over for GCM, but issues from GCM's management lingered after Vertical began managing operations and Vertical has been fined for issues that were created or caused by GCM.

170.    Deny.  Vertical took over for nursing facilities that GCM had run into the ground. Vertical has dramatically improved the facilities after taking over for GCM, but issues from GCM's management lingered after Vertical began managing operations and Vertical has been fined for issues that were created or caused by GCM.

171.    Deny.  Vertical took over for nursing facilities that GCM had run into the ground. Vertical has dramatically improved the facilities after taking over for GCM, but issues from GCM's management lingered after Vertical began managing operations and Vertical has been fined for issues that were created or caused by GCM.

172.    Deny.

173.    Deny.

**J.**    **Capital Violation of Section 362 of the Bankruptcy Code**

174.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

175.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

176.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

177.    Vertical denies the allegations set forth in this paragraph to the extent inconsistent with Capital's filings before the Court.

178.    Deny.

**COUNT ONE**
**Fraudulent Conveyance – Purchase Option**
**(Debtors against Capital Foresight)**

179.    Vertical incorporates by reference all prior paragraphs of this Answer as though fully set forth herein.

180.    The MOU speaks for itself.  *See* footnote 1.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of the MOU.

181.    The MOU speaks for itself.  *See* footnote 1.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of the MOU.

182.    The MOU speaks for itself.  *See* footnote 1.  Vertical denies the allegations set forth in this paragraph to the extent they are inconsistent with the terms of the MOU.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

183.    Deny.

184.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

**COUNT TWO**
**Fraudulent Conveyance – Town & Country**
**(Debtors against Capital Source)**

185.    Vertical incorporates by reference all prior paragraphs of this Answer as though fully set forth herein.

186.    The sale referenced in this paragraph is the subject of contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

187.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

188.    The sale referenced in this paragraph is the subject of contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

189.    Deny.

190.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

**COUNT THREE**
**Equitable Subordination**
**(Debtors against Capital Foresight & Capital Source)**

191.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

192.    Deny.

193.    The transaction referenced by this paragraph is the subject of various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph to the extent they improperly call for a legal conclusion.

194.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph to the extent they improperly call for a legal conclusion.

195.    The transaction referenced by this paragraph is the subject of various contracts and written agreements, which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph to the extent they improperly call for a legal conclusion.

196.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph to the extent they improperly call for a legal conclusion.

197.    Deny.

198.    Deny.

199.    Deny.

200.    Deny.

201.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

**COUNT FOUR**
**Disgorgement Of Profits & Rents**
**(Debtors against All Defendants)**

202.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

203.    Deny.

204.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

205.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

206.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

207.    Deny

208.    Deny.

209.    Deny.

210.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT FIVE
### Breach of Contract – Unpaid Rent
### (Debtors against Vertical and the Tenant Entities)

211.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

212.    The contracts referenced in this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they differ from the terms of the contracts.

213.    Deny.

214.    Deny.

215.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT SIX
### Violation of 6 DE Code § 9-625
### (Debtors against Capital Foresight & Capital Source)

216.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

217.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial. Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

218.    The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

219.   Deny.

220.   Deny.

221.   Deny.

222.   Deny.

223.   Deny.

224.   Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## <u>COUNT SEVEN</u>
**Tortious Interference – Rental Income**
**(Debtors against Capital Foresight & Capital Source)**

225.   Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

226.   The contracts referenced in this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they differ from the terms of the contracts. Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

227.   Deny.

228.   Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

229.   Deny.

230.   Deny.

231.   Deny.

232.   Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT EIGHT
### Tortious Interference – Purchase Option
### (Debtors against All Defendants)

233.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

234.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

235.    The contracts referenced in this paragraph speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent they differ from the terms of the contracts. Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

236.    Deny.

237.    Deny.

238.    Deny.

239.    Deny.

240.    Deny.

In response to Debtor's prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT NINE
### Breach of Fiduciary Duty
### (Debtors against Capital Foresight & Capital Source)

241.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

242.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

243.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

244.    Vertical objects that the term MOU is defined in a way that is vague and ambiguous.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The contract referenced

in this paragraph speaks for itself and may be subject to various other contracts and agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those contracts and agreements.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

245.    Deny.

246.    Deny.

247.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

**COUNT TEN**
**Aiding & Abetting Breach of Fiduciary Duty**
**(Debtors against VHS and the Tenant Entities)**

248.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

249.    Deny.

250.    Deny.

251.    Deny.

252.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

**COUNT ELEVEN**
**Breach of Contract**
**(Debtors against Capital Foresight)**

253.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

254.    The contracts referenced in this paragraph speaks for themselves and are subject to various other contracts and agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those

agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.  *See* footnote 1.

255.    Deny.

256.    The contract referenced in this paragraph speaks for itself and is subject to various other contracts and agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

257.    Deny.

258.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

### COUNT TWELVE
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Debtors against Capital Foresight & Capital Source)**

259.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

260.    The term MOU is defined in a way that is vague and ambiguous.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The contracts referenced in this paragraph speak for themselves and are subject to various other contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those contracts and agreements.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

261.    The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

262.    Deny.

263.    The contract referenced in this paragraph speaks for itself and is subject to various other contracts and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

264.    Deny.

265.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT THIRTEEN
### Unjust Enrichment – Town & Country
### (Debtors against Capital Foresight & Capital Source)

266.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

267.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

268.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.

269.    Deny.

270.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT FOURTEEN
### Civil Conspiracy
### (Debtors against all Defendants)

271.    Vertical incorporates all prior paragraphs of the Answer as though fully set forth herein.

272.    Deny.

273.    Deny.

274.    Deny.

275.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## COUNT FIFTEEN
### Declaratory Judgment – Capital Does Not Control Debtors' Management
### (Debtors against Capital Foresight & Capital Source)

276.    Vertical incorporates by reference all prior paragraphs of the Answer as though fully set forth herein.

277.    Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  The allegations set forth in this paragraph improperly call for a legal conclusion and are therefore denied.

278.    The contract referenced in this paragraph speaks for itself and is subject to various other contract and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

279.    The contract referenced in this paragraph speaks for itself and is subject to various other contract and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the

allegations set forth in this paragraph, which has the effect of a denial. Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

280.    The contracts referenced in this paragraph speaks for themselves and are subject to various other contract and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements.  Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

281.    The allegations set forth in this paragraph improperly call for a legal conclusion and are denied.

282.    The contracts referenced in this paragraph speaks for themselves and are subject to various other contract and written agreements which speak for themselves.  Vertical denies the allegations set forth in this paragraph to the extent inconsistent with the terms of those agreements. Vertical is without information or knowledge sufficient to admit or deny the allegations set forth in this paragraph, which has the effect of a denial.  Vertical denies the allegations of this paragraph as improperly calling for a legal conclusion.

283.    The allegations set forth in this paragraph improperly call for a legal conclusion and are denied.

284.    The allegations set forth in this paragraph improperly call for a legal conclusion and are denied.

285.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

### **COUNT SIXTEEN**
**§ 362 Violation**
**(Debtors against Capital Foresight & Capital Source)**

286.    Vertical incorporates all prior paragraphs of the Answer as though fully set forth herein.

287.    Deny.

In response to Debtors' prayer for relief, Vertical denies that Debtors are entitled to the relief they request for this claim.

## DEBTORS' PRAYER FOR RELIEF

Debtors' prayer for relief states legal conclusions to which no response is required. Vertical denies that Debtors are entitled to any of the relief requested in this paragraph or elsewhere in the Complaint.

## AFFIRMATIVE DEFENSES

By stating any of the defenses set forth below, VHS and the VHS Companies do not assume a burden of proof they do not have.

A.    Debtors have failed to state a claim upon which relief can be granted.

B.    Debtors' claims are non-justiciable or otherwise premature or incomplete.

C.    Debtors have failed to mitigate their own damages.

D.    Debtors' claims, in whole or in part, are precluded by the applicable provisions, terms, definitions, and conditions in the contracts at issue.

E.    Debtors' claims, in whole or in part, or injuries, damages, or costs, if any, were sustained as a direct and proximate result of Debtors' own actions or omissions or are barred by the doctrines of contributory negligence or comparative fault.

F.    Debtors' claims, in whole or in part, or injuries, damages, or costs, if any, were sustained as a direct and proximate result of the conduct of third parties, including Samuel Goldner, the Goldner Irrevocable Family Trust, Susan Goldner, and other members of the Goldner family.

G.    Debtors' claims are barred due to lack of standing.

H.    Debtors have unclean hands.

I.    Debtors' claims are barred by the doctrines of laches, estoppel, and/or res judicata.

J.      On information and belief, Debtors have not appropriately respected the corporate form and have intertwined their finances with other Goldner-controlled entities, and the corporate veil should be pierced such that Samuel Goldner is held liable for the debts and liabilities of the Debtors.

## RESERVATION

Vertical reserves its right to amend its Answer to the Complaint and to assert additional defenses, counterclaims, and third-party claims made known to it through investigation and discovery. Vertical likewise reserves the right to argue legal theories in addition to or in lieu of those specifically identified herein as the facts in this matter are made known to them through investigation and discovery.

## COUNTERCLAIMS AND THIRD-PARTY COMPLAINT

Having answered Debtors' Complaint, and asserted affirmative defenses, VHS and the VHS Companies, by and through their attorneys, assert the following additional allegations and counterclaims as follows:

## PARTIES

1.      VHS is a limited liability company organized under the laws of the State of Delaware, and doing business in the State of Washington.  It is comprised of a single member, William Miller.

2.      William Miller resides and is domiciled in the State of Washington.

3.      Crescent Moon DR Healthcare LLC is a limited liability company with an address at 10851 Crescent Moon Drive, Houston, TX 77064.

4.      Bermuda Drive Healthcare LLC is a limited liability company with an address at 5303 Bermuda Drive, Normandy, MO 63121.

5.      Cedars Court Healthcare LLC is a limited liability company with an address at 6400 The Cedars Court, Cedar Hill, MO 63016.

6.      Broadway Healthcare LLC is a limited liability company with an address at 8223 Broadway, San Antonio, TX 78209.

7.      McCutchen Road Healthcare LLC is a limited liability company with an address at 1200 McCutchen Rd, Rolla, MO 65401.

8.      Clay Street Healthcare LLC is a limited liability company with an address at 2840 W Clay St, St Charles, MO 63301.

9.      Redmand Rd Healthcare LLC is a limited liability company with an address at 2600 Redman Rd, St. Louis, MO 63136.

10.     Raytown Road Healthcare LLC is a limited liability company with an address at 6124 Raytown Rd, Raytown, MO 64133.

11.     3rd St. Healthcare LLC is a limited liability company with an address at 1501 SW 3rd St, Lee's Summit, MO 64081.

12.     College St Healthcare LLC is a limited liability company with an address at 1200 West College Street, Liberty, MO 64068.

13.     North 9th Street Healthcare LLC is a limited liability company with an address at 811 North 9th Street Saint Joseph, MO 6450.

14.     West 18th Street Healthcare LLC is a limited liability company with an address at 3002 North 18th St Saint Joseph, MO 64505.

15.     Weisenborn Road Healthcare LLC is a limited liability company with an address at 1616 Weisenborn Road Saint Joseph, MO 64507.

16.     Blanco Rd Healthcare LLC is a limited liability company with an address at 8020 Blanco Rd, San Antonio, TX 78216.

17.     Rockingham Dr Healthcare LLC is a limited liability company with an address at 1111 Rockingham LN Richardson, TX 75080.

18.     Crescent Moon DR Healthcare LLC; Bermuda Drive Healthcare LLC; Cedars Court Healthcare LLC; Broadway Healthcare LLC; McCutchen Road Healthcare LLC; Clay Street Healthcare LLC; Redmand Rd Healthcare LLC; Raytown Road Healthcare LLC; 3rd St. Healthcare LLC; College St Healthcare LLC; North 9th Street Healthcare LLC; West 18th Street Healthcare LLC; Weisenborn Road Healthcare LLC; Blanco Rd Healthcare LLC; and

Rockingham Dr Healthcare LLC are owned by VHS and are collectively referred to herein as the "**VHS Companies**."

19.     Standifer Gap Road Healthcare, LLC ("**Standifer Gap**") is a limited liability company organized under the laws of the State of Tennessee.  Standifer Gap is wholly owned by VHS TN OpCo Holdings, LLC.  VHS TN OpCo Holdings, LLC is wholly owned by VHS Holdco, LLC.  VHS Holdco, LLC is wholly owned by VHS Ultimate Parent, LLC.  VHS Ultimate Parent, LLC is wholly owned by Vertical Health Services, LLC.

20.     Samuel Goldner resides and is domiciled in the New York State.  Samuel Goldner owns and controls Goldner Capital Management, LLC ("**GCM**") and the Debtors.

21.     Defendant GCM is a Delaware limited liability company with its principal place of business in New York State.

22.     GCM Manager LLC is a limited liability company headquartered and doing business in New York State.

23.     GCM Parkside LLC is a limited liability company headquartered and doing business in in New York State.

24.     Missouri MT Holdings LLC is a limited liability company headquartered and doing business in New York State.

25.     Cypresswood TX Healthcare LLC is a limited liability company formed under the laws of Texas and is comprised of a single member, Cypresswood TX Realty Holdings, LLC.

26.     Cypresswood Holdings is a limited liability company formed under the laws of Delaware. Cypresswood Holdings has six members: Samuel Goldner, Leslie Kahan, Chana Kahan, Susan Goldner, Otto Weingarten, and SG Cypresswood Holdings, LLC.

27.     Leslie Kahan resides at 1531 54th Street, Brooklyn, NY 11219. Leslie Kahan resides, votes, and has a driver's license in the state of New York. Leslie Kahan is domiciled in the state of New York.

28.    Chana Kahan resides at 1531 54th Street, Brooklyn, NY 11219. Chana Kahan resides, votes, and has a driver's license in the state of New York. Chana Kahan is domiciled in the state of New York.

29.    Susan Goldner resides at 22 Herrick Drive, Lawrence, NY 11559. Susan Goldner resides, votes, and has a driver's license in the state of New York. Susan Goldner is domiciled in the state of New York.

30.    Otto Weingarten resides at 1661 53rd St., Brooklyn, NY 11204. Otto Weingarten resides, votes, and has a driver's license in the state of New York. Otto Weingarten is domiciled in the state of New York.

31.    SG Holdings is a limited liability company formed under the laws of Ohio. SG Holdings has a single member, the Goldner Family Irrevocable Trust (the "**Goldner Trust**").

32.    The Goldner Trust was formed in Delaware and has two trustees, Susan Goldner (above) and the Bryn Mawr Trust Company of Delaware ("**BMTCD**"). *See Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 647, 651 (S.D. Tex. 2003) ("For purposes of diversity jurisdiction, the citizenship of a trust is determined by the citizenship of the trustee or trustees.").

33.    BMTCD is a Delaware corporation with its principal place of business in Delaware.

34.    SIRO OP Big River, LLC is a limited liability company organized under the laws of the State of Delaware and doing business in the State of Missouri.

35.    SIRO OP Oakwood, LLC is a limited liability company organized under the laws of the State of Delaware and doing business in the State of Missouri.

36.    AHHR Consulting LLC, is a limited liability company organized under the laws of the State of Delaware and doing business in the State of Texas.

37.    SJ3 OP Riverside LLC, is a limited liability company organized under the laws of Delaware and doing business in Missouri.

38.    SJ3 OP Divers LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

39.     SRZ OP St. Louis LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

40.     SRZ OP Ballwin LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

41.     SRZ OP Autumn LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

42.     SRZ OP Lee's Summit LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

43.     VRC OP LLC is a limited liability company organized under the laws of Delaware and doing business in Texas.

44.     Blanco Villa OP LLC is a limited liability company organized under the laws of Delaware and doing business in Texas.

45.     WT Chat OP LLC is a limited liability company organized under the laws of Delaware and doing business in Tennessee.

46.     Town & Country OP LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

47.     Parkside LLC is a limited liability company organized under the laws of Delaware and doing business in Missouri.

48.     Cypresswood TX Healthcare LLC; SIRO OP Big River, LLC; SIRO OP Oakwood, LLC; AHHR Consulting LLC; SJ3 OP Riverside LLC; SJ3 OP Divers LLC; SJ3 OP Divers LLC; SRZ OP St. Louis LLC; SRZ OP Ballwin LLC; SRZ OP Autumn LLC; SRZ OP Lee's Summit LLC; VRC OP LLC; Blanco Villa OP LLC; WT Chat LLC; Town & Country OP LLC; and Parkside LLC are collectively referred to herein as ("**Former Goldner Operators**").

49.     Goldner, through the GCM and the other Debtors, owns and/or controls the Former Goldner Operators and did so at all relevant times herein.

## JURISDICTION AND VENUE

50.    This action arises under Debtors' pending Chapter 11 case.

51.    The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334.

52.    The statutory predicates for the claims asserted herein include §§ 105 and 502 of Title 11 of the United States Code, and 28 U.S.C. § 2201.

53.    This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1), (b)(2)(A), (b)(2)(B), and (b)(2)(O).

54.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

55.    VHS consents to the entry of final Orders and judgment by this Court if it is determined that this Court, absent the consent of the parties, cannot enter final Orders or judgment consistent with Article III of the United States Constitution.

## BACKGROUND

A.    **Goldner Faces Severe Financial and Legal Trouble at Facilities Across the Country**

56.    Until 2023, Samuel Goldner indirectly owned numerous skilled nursing facilities across the country, including through the Debtors.

57.    The Goldner Trust owns GCM which in turns owns and controls various single purpose limited liability companies through across the country.

58.    Goldner has sole control of GCM and uses it and his inter-connected web of subsidiaries and related companies, including Debtors, to shift money from one company to another in order to evade creditors, liabilities, and debts; to extract the financial resources from the facilities and the Former Goldner Operators; and to transfer that wealth to himself, GCM, the Goldner Trust, and his family members.

59.    For example, even as Goldner and GCM were unable to pay basic bills for the facilities they were responsible for (such as pharmacy invoices), Goldner and GCM were making regular, large (and unexplained) payments to Susan Goldner, Goldner's mother and one of the trustees of the Family Trust.

60.      In another recent instance, Goldner took money out of a bank account for WT Chat OP LLC that Goldner knew did not belong to him or any of his companies (due to a Consent Order he signed and that was entered months before) and used that money to pay bills and satisfy debts owed by Goldner and/or GCM and which were not owed by WT Chat OP LLC.

61.      Goldner's operational approach was described as "a grift." He took operational businesses, put them into shell companies, and then pulled funds out of the operational business such that there were insufficient funds to pay vendors and creditors.[2]

62.      Goldner and his entities have been sued across the country.[3]

63.      Many Goldner facilities were "hanging on by a thread financially."[4]

64.      Goldner's Missouri operations faced at least three wrongful death lawsuits, including allegations of nightmarish treatment of residents.[5]

65.      Goldner-operated facilities have been found to have committed serious regulatory violations.

66.      In the last two years, Goldner has also been sued repeatedly for breach of contract, fraud, and unjust enrichment.

67.      Goldner used misappropriated funds to pay his lawyers' fees in one litigation, and his attorneys returned the funds and later withdrew from the representation.

68.      In 2023, Goldner's legal and financial troubles became acute. The Centers for Medicare & Medicaid Services ("**CMS**") shut down several of Goldner's nursing homes while

---

[2] https://www.wjhl.com/news/investigations/viviant-owner-has-multiple-closed-nursing-homes/

[3] *Id.*

[4] https://www.mcknights.com/news/even-as-prevalence-shrinks-pe-chaos-tarnishes-nursing-home-sector/#:~:text=Even%20as%20prevalence%20shrinks%2C%20PE%20chaos%20tarnishes%20nursing%20home%20sector,-Kimberly%20Marselas&text=The%20plight%20of%20a%20private,of%20the%20skilled%20nursing%20space.

[5] https://fox4kc.com/news/problem-solvers/family-sues-after-man-found-dead-alone-outside-kansas-city-area-nursing-home/

others were put into receivership.

**B.     Goldner Transfers Operations of the Facilities to the VHS Companies**

69.     The principal of VHS (William Miller) and Goldner entered into negotiations for the VHS Companies to take over operational control of the Facilities.

70.     Throughout the summer of 2023, Miller and Goldner negotiated the transfer of operations of the Facilities from the Former Goldner Operators to the VHS Companies and they ultimately executed Operation Transfer Agreements ("**OTAs**") which set forth the terms of the transfers.

71.     During these negotiations, Goldner and GCM misrepresented the condition of the Facilities and the Former Goldner Operators, including by intentionally concealing material information such as substantial debts and unpaid liabilities owed by the Former Goldner Operators that the VHS Companies could be forced to pay if the Goldner, GCM, and the Former Goldner Operators failed to adhere to their obligations under the OTAs.

72.     Goldner and GCM also intentionally concealed that the Former Goldner Operators were unable to provide much of the required information under the OTAs relating to billing and financial preparation.  Because Goldner, GCM, and the Former Goldner Operators had not paid the vendors that handled billing and financial reporting, the vendors for several of the Former Goldner Operators refused to release billing and financial information and related files to the VHS Companies or otherwise cooperate with the transitions, until they received payment. Without this information and cooperation, set up of the billing system for the Facilities was delayed.

73.     This delay harmed the VHS Companies' ability to prepare financial reports, made it difficult for them to anticipate expenses, and delayed their ability to get their new billing set up. It also led to delays in receiving Medicare and Medicaid payments, which significantly contributed to cash flow issues during the first few months after the VHS Companies took over operations.

74.     In June 2023, the Former Goldner Operators executed the OTAs and transferred

operations of the Facilities to the VHS Companies.

75.     In the OTAs, the Former Goldner Operators agreed that they would use commercially reasonable efforts to assist in the transfer of operations, management, and the financial responsibility for the Facilities.

76.     The Former Goldner Operators agreed to be responsible for expenses incurred prior to the date operations were transferred to the VHS Companies. This included paying all accrued paid time off ("PTO") of the employees and all applicable taxes and debts (to vendors and others) incurred before the transfer date.

77.     The Former Goldner Operators also agreed to indemnify VHS and the VHS Companies for pre-transfer date liabilities.

78.     As part of the transfer of the Facilities, Goldner and GCM received substantial sums.

**C.     Goldner and GCM Cause the Former Goldner Operators To Breach the OTAs**

79.     Goldner and GCM have directed and caused the Former Goldner Operators to repeatedly and intentionally breach numerous obligations to the VHS Companies under the OTAs.

80.     For example, the Former Goldner Operators must pay for, and/or indemnify VHS Companies from, certain expenses and liabilities such as pre-transfer taxes, employee PTO, debts to vendors, and other expenses.  Goldner and GCM caused the Former Goldner Operators to refuse to pay these expenses and Goldner and GCM instead used this money to enrich Goldner, his Family Trust, family members, and/or GCM or the other Debtors.

81.     The VHS Companies have incurred indemnifiable expenses and liabilities that are plainly the responsibility of the Former Goldner Operators under the OTAs, and have demanded indemnification for such expenses from the Former Goldner Operators under the OTAs. But Goldner and GCM have directed and caused the Former Goldner Operators to refuse to indemnify the VHS Companies as required.

82.     These and other breaches of the OTAs directed and caused by Goldner and GCM have damaged VHS and the VHS Companies in an amount to be proven at trial and which are currently estimated on VHS' claim. *See* Claim 3-2.

**D.      Goldner, GCM, and the Former Goldner Operators Have Failed to Respect the Corporate Form**

83.     Goldner and GCM (which is wholly owned by the Goldner Trust) are using shell entities, including some of the Debtors, to commit financial malfeasance, fraud, and to unjustly enrichment themselves across the country, leaving numerous injured parties in their wake. Nursing homes affiliated with Goldner and GCM ("**Goldner Nursing Homes**") have been shut down throughout the country by both state and federal governmental authorities, including due to findings that various acts or omissions threatened resident health and welfare. Goldner Nursing Homes have been put into receivership, with Court findings that receivership was necessary to protect against misappropriation, impairment, and waste. Goldner and GCM have been named in lawsuits by residents, landlords, lenders, and vendors.

84.     Goldner and GCM have under-funded entities and operations throughout the country and have misused the corporate form to avoid obligations to vendors and creditors, to escape liability from violations of state and federal law, and to unjustly enrich Goldner, GCM, the other Debtors, the Goldner Trust, and/or Goldner's family members.

85.     Goldner, GCM, the other Debtors, and their affiliates have co-mingled and misused funds. Goldner, GCM, the Goldner Trust, and Goldner's family members have received funds that, by contract, belong to or are due to VHS Companies; however, on information and belief, Goldner and GCM have used those funds for unrelated entities and projects to benefit themselves, as directed by Goldner.

86.     Goldner and GCM have taken funds out of the Former Goldner Operators in order to leave them undercapitalized and enrich Goldner, the Goldner Trust, and/or Goldner's family members at the expense of VHS, the VHS Companies, and others.

87.     Goldner does not keep accurate corporate records or follow corporate formalities.

88.     Goldner has demanded payment of rents due to secured lenders to his GCM bank account or to Goldner personally in violation of the corporate formalities.

89.     Goldner and GCM have converted monies that do not belong to them.

90.     If Goldner is permitted to continue to misuse the corporate form to avoid liability for valid debts and sums owed by the companies he owns and controls through GCM and the other Debtors, it will work an extreme injustice on VHS and the VHS Companies; and Goldner, GCM, the other Debtors, the Goldner Trust, and/or Goldner's family members will be unjustly enriched.

## FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

### (Against Debtors)

91.     VHS and the VHS Companies re-allege and incorporate the preceding paragraphs as if fully set forth herein.

92.     A dispute has arisen between Debtors on the one hand and VHS and the VHS Companies on the other.  Debtors claim they have standing to enforce the Leases between the single purpose companies Goldner and Debtors own and control and the VHS Companies.  *See* Dkt. 1.

93.     VHS and the VHS Companies' position is that the Leases and ancillary agreements and assignments are valid, binding contracts between VHS, the VHS Companies, the companies owned and controlled by Goldner and GCM, and Goldner's lenders ("**Lenders**"). These contracts assign all of Goldner's and Debtors' rights to enforce the Leases to the Lenders and require the VHS companies to pay all sums due under the Leases to the Lenders, and not to Goldner, GCM, or the other Debtors.

94.     Under these contracts, Goldner and Debtors and the companies they own and/or control, have surrendered any rights to demand rent, threaten action based on the non-payment of rent, or maintain a legal action to enforce the Leases.

95.     The Lenders are seeking payment of the same rent from the VHS that Debtors

seek.

96.     The facts set forth above show the existence of an actual, justiciable controversy involving specific claims regarding the interpretation and effect of the Lease and ancillary agreements, and the rights and obligations of the parties under those contracts.

97.     VHS and the VHS Companies are subject to multiple competing and inconsistent obligations regarding rent due under the Lease and ancillary agreements. These claims are ripe for adjudication, and all facts necessary for an adjudication of this dispute have occurred.

## SECOND CAUSE OF ACTION: PIERCING THE CORPORATE VEIL

### (Against Goldner, the Goldner Trust, Debtors, and the Former Goldner Operators)

98.     VHS and the VHS Companies re-allege and incorporate the preceding paragraphs as if fully set forth herein.

99.     Goldner, Debtors, and the Goldner Trust are liable for their actions as described above and for the actions of the Former Goldner Operators because they have abused the corporate form, including abusing the corporate form of the Goldner Former Operators.

100.    If Goldner or Debtors are permitted to abuse the corporate form, as described above, VHS and the VHS Companies (and many other creditors of Goldner-controlled entities) will be inequitably harmed.

101.    As a result, the corporate veil must be pierced, and Debtors, Goldner, and the Goldner Trust must be held liable for the obligations of the Goldner-controlled entities that they abused, including the Former Goldner Operators.

102.    Additionally, for the same reasons, Goldner and GCM should be held liable for the debts and judgments of their subsidiaries and/or related companies they own and control, the corporate forms of which Goldner and GCM have disregarded, including SRZ OP Holdings LLC, SRZ MGMT Holdings LLC, TANDC MGMT LLC, TANDC OP LLC, WA3 OP Renton LLC, WA3 OP Talbot LLC, WA3 OP Univ LLC, and WA3 Properties Renton LLC.

## THIRD CAUSE OF ACTION: BREACH OF CONTRACT

### (Against Goldner, the Goldner Trust, Debtors, and the Former Goldner Operators)

103.    VHS and the VHS Companies re-allege and incorporate the preceding paragraphs as if fully set forth herein.

104.    Goldner, GCM, and the Former Goldner Operators entered into binding OTAs with the VHS Companies to transfer operations of the Facilities to the VHS Companies.

105.    Goldner and GCM caused and directed Goldner Former Operators to breach those contracts as described above.

106.    These breaches have directly and proximately caused damages to the VHS Companies and VHS in amounts to be proven at trial, and which are currently estimated in VHS Claim 3-2.

## FOURTH CAUSE OF ACTION: FRAUD

### (Against Goldner, Debtors, and the Goldner Trust)

107.    VHS and the VHS Companies re-allege and incorporate the preceding paragraphs as if fully set forth herein.

108.    Goldner and GCM (and/or the other Debtors) made intentional misrepresentations of existing fact and concealed material information when Miller was negotiating the OTAs on behalf of VHS and the VHS Companies, including that Goldner and GCM intended to comply with the OTAs when they had no intention of doing so.

109.    Goldner and GCM (and/or the other Debtors) knew the representations they made were was false when they made them.

110.    Goldner and GCM (and/or the other Debtors) concealed debts and liabilities owed by the Former Goldner Operators and problems with billing that would create serious cash flow issues for the VHS Companies.  Goldner and GCM knew the information they concealed was material to Miller, VHS, and the VHS Companies.

111.    Goldner and GCM (and/or the other Debtors) made the above misrepresentations and concealed the above information in an effort to induce VHS and the VHS Companies to execute the OTAs so as to unlawfully provide Goldner, the Goldner Trust, and GCM and/or the other Debtors with a windfall at the expense of VHS and the VHS Companies.

112.    Goldner and GCM (and/or the other Debtors) knew that Miller, VHS, and the VHS Companies were relying on the information Goldner and GCM were providing.

113.    VHS and the VHS Companies reasonably relied on Goldner and GCM's (and/or the other Debtors) material misrepresentations and did not realize that Goldner and GCM were concealing material information about the Former Goldner Operators until after the OTAs were executed.

114.    On information and belief, the Goldner Trust was aware of the fraud, accepted the benefits from it, and participated in it.

115.    As a direct and proximate result of Goldner and GCM's (and/or the other Debtors') fraud, VHS and the VHS Companies have been damaged in amounts to be proven at trial.

## FIFTH CAUSE OF ACTION: UNJUST ENRICHMENT

### (Against Goldner, Debtors, and the Goldner Trust)

116.    VHS and the VHS Companies re-allege and incorporate the preceding paragraphs as if fully set forth herein.

117.    As described above, Goldner, GCM, the other Debtors, and/or the Goldner Trust extracted large sums of money directly or indirectly from the Former Goldner Operators and/or the Facilities at the expense of VHS and the VHS Companies.

118.    The Goldner Former Operators, all controlled by Goldner through GCM (or the other Debtors), were functionally insolvent prior to the transition and failed to pay their debts when due.

119.    VHS and the VHS Companies were forced to maintain business operations by paying debts and liabilities that the Goldner Former Operators were required to pay under the OTAs. This resulted in large sums of money collectively being transferred from the VHS Companies and VHS to Goldner, GCM, the Goldner Trust, and/or the Debtors.

120.    Goldner, GCM, Debtors, and/or the Goldner Trust have also converted sums that do not belong to them and unjustly enriched themselves at the expense of VHS and VHS

companies such as Standifer Gap.

121.    In such circumstances, it would be unjust for Goldner, Debtors, GCM, or the Goldner Trust to retain the benefits they accrued based on such conduct, with the amount of such unjust benefit to be proven at trial.

## SIXTH CAUSE OF ACTION: CONVERSION

### (Against Goldner and GCM)

122.    VHS and Standifer Gap re-allege and incorporate the preceding paragraphs as if fully set forth herein.

123.    Goldner and GCM have taken monies away from Standifer Gap that they know do not belong to them, and which were intended for the operation of a nursing facility in Tennessee, and used those monies to pay debts owed by Goldner and GCM in violation of the corporate form.

124.    Goldner and GCM wrongfully took these monies knowing that the monies were generated by work performed by the Standifer Gap and VHS and that the monies were generated after a Consent Order (signed by Goldner) was entered making clear that Goldner, GCM, and/or other Goldner-owned or controlled companies could not take part in the operations of this same Tennessee facility.

125.    Goldner and GCM refused to return these sums after VHS learned of the improper conversion and demanded the monies be returned.

126.    As a direct and proximate result of Goldner and GCM's conversion VHS Companies and VHS have been damaged in amounts to be proven at trial.

## SEVENTH CAUSE OF ACTION: CIVIL CONSPIRACY

### (Against Goldner, Debtors, the Goldner Trust, and the Former Goldner Operators)

127.    VHS and the VHS Companies re-allege and incorporate the preceding paragraphs as if fully set forth herein.

128.    Goldner, GCM (and/or the other Debtors), and the Goldner Trust entered into an agreement to commit the fraud, breaches of contract, and other unlawful acts alleged herein and

to accomplish the unjust enrichment set forth above.

129.    Goldner, Debtors, and the Goldner Trust engaged in overt acts in furtherance of this agreement including but not limited to using their many inter-related companies, including the Former Goldner Operators, to fraudulently shift money from entity to entity to evade creditors, avoid valid debts, and unjustly enrich themselves at the expense of others, including VHS and the VHS Companies.

130.    Goldner, Debtors, and the Goldner Trust intentionally participated in the furtherance of their plan and coordinated their conduct, including through the misuse of the Former Goldner Operators, to achieve their common goal of unjustly enriching themselves at the expense of the VHS Companies and others.

131.    As a direct and proximate result of this civil conspiracy to commit these unlawful acts, VHS and the VHS Companies have been damaged in amounts to be proven at trial.

**VHS/VHS COMPANIES' PRAYER FOR RELIEF**

WHEREFORE, VHS and the VHS Companies request the following relief:

A.    For a declaration that Debtors have no standing to enforce the Leases they are suing VHS and the VHS Companies for breaching;

B.    For an award of damages, in an amount to be proven at trial;

C.    For a declaration that Goldner, GCM, the other Debtors, and the Goldner Trust have abused the corporate form and they are liable for the debts of each other and the entities that they controlled, including the Goldner Former Operators;

D.    For an award of reasonable attorneys' fees and costs to the extent available by law or contract;

///

E.    For such other and further relief as the Court deems just and equitable.

DATED this 15th day of July, 2025.

McNAUL EBEL NAWROT & HELGREN PLLC

By: _/s/ Matthew J. Campos_____
        Daniel M. Weiskopf (admitted *pro hac vice)*
        Matthew J. Campos (admitted *pro hac vice*)
        Charles Wittmann-Todd

600 University Street, Suite 2700
Seattle, WA 98104
(206) 467-1816
dweiskopf@mcnaul.com
mcampos@mcnaul.com
cwittmanntodd@mcnaul.com

*Attorneys for VHS and the VHS Parties*